UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL A. MCDADE, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:05-CV-1478-B |
| | § | ECF |
| SMURFIT-STONE, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant's Motion for Partial Dismissal (doc. 5), filed September 12,

2005. After review of the pleadings, the Court **GRANTS** Defendant's Motion and **DISMISSES**

Plaintiffs' disparate impact discrimination claim and request for mental anguish damages,

compensatory damages, and punitive damages.

## I. BACKGROUND

Plaintiffs Michael McDade, Everett Rennow, and Stephen Alvarado ("Plaintiffs") are all

former employees of Defendant Smurfit-Stone Container Enterprises ("SSCE"), and all three were

terminated from their positions in 2004. On July 26, 2005, Plaintiffs filed suit against SSCE, claiming

that they had been discriminated against because of their age in violation of the Age Discrimination

in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.* (1998 & Supp. 2005). In addition to

arguing that they had been subjected to disparate treatment because of their age, Plaintiffs also

included an allegation that "[t]he actions of Defendant constituted a practice or policy of age

discrimination that adversely affected Plaintiffs as it had a disparate-impact on the Plaintiffs as older

workers." (Pls.' Orig. Compl. ¶ IV)  Plaintiffs' damages request included a claim for mental anguish damages, compensatory damages, and punitive damages.  (*Id.* at ¶ V)

On September 12, 2005, SSCE filed the instant Motion for Partial Dismissal.  (doc. 5)  SSCE asked the Court to dismiss Plaintiffs' disparate impact claims, as well as Plaintiffs' request for mental anguish, compensatory, and punitive damages.  Plaintiffs did not file a response.  Having considered the arguments of SSCE, the Court now turns to the merits of its decision.

## II.  ANALYSIS

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted.  *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004).  In deciding a motion to dismiss, the Court must construe the complaint in the light most favorable to Plaintiffs and draw all reasonable inferences in Plaintiffs' favor.  *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).  However, the Court need not rely on "conclusional allegations or legal conclusions disguised as factual allegations."  *Id.*  A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Id.*  With that standard in mind, the Court will first consider SSCE's arguments regarding Plaintiffs' disparate impact claim.

## A.    *Disparate Impact*

SSCE moves to dismiss Plaintiffs' allegation of disparate impact discrimination on two grounds - first, that Plaintiffs did not exhaust their administrative remedies with respect to their disparate impact claim and second, that Plaintiffs have not properly pleaded a disparate impact claim.  (Def. Mot. p. 1)  Because the exhaustion argument is dispositive, the Court will address it first.

An ADEA plaintiff must exhaust his administrative remedies before filing a complaint of age

discrimination in court. 29 U.S.C. § 626(d); *Julian v. City of Houston*, 314 F.3d 721, 725 (5th Cir. 2002); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002)(dealing with Title VII). Under the ADEA, exhaustion requires that a plaintiff first file a charge of discrimination with the EEOC. *Julian*, 314 F.3d at 725. The scope of the resulting discrimination suit is then limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the EEOC Charge. *Thomas v. Tex. Dep't of Criminal Justice*, 220 F.3d 389, 395 (5th Cir. 2000). Thus, although, the scope of a plaintiff's right to sue is not limited to the specific language of his EEOC Charge, the plaintiff is limited to claims that are "like or related to" the claims listed in the Charge. *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995).

In this case, SSCE contends that because none of Plaintiffs' EEOC Charges mentioned disparate impact discrimination that Plaintiffs failed to exhaust their administrative remedies with respect to their disparate impact claim. (Def. Br. pp. 3-6) A disparate impact claim of discrimination is made when an employment practice is facially neutral, but creates such statistical disparities disadvantaging a protected group that it is functionally equivalent to intentional discrimination. *Munoz v. Orr*, 200 F.3d 291, 299 (5th Cir. 2000). For example, an education requirement, while neutral on its face, can be discriminatory if it operates to prevent members of a certain race from obtaining a job and is not justified by business necessity. *See Griggs v. Duke Power Co.*, 401 U.S. 424, 430-434 (1971). In contrast, a disparate treatment claim occurs when there is deliberate discrimination in the terms and conditions of employment. *Munoz*, 200 F.3d at 299. Both disparate impact and disparate treatment claims are actionable under the ADEA. *See Smith v. City of Jackson*, 544 U.S. 228, 125 S. Ct. 1536, 1543-44 (2005).

Here, Plaintiffs' EEOC Charges, which SSCE attached as evidence to its Motion, reflect

disparate treatment claims, but not disparate impact claims.  (Def. App. pp. 1-3)  In their Charges, McDade and Alvarado state they were allegedly terminated for poor work quality, and Rennow states he was allegedly terminated because of a reduction in force.  (*Id.*)  None of the Plaintiffs mentioned a neutral policy or rule promulgated by SSCE that impacted older workers more severely.  Therefore, the question the Court must answer is whether Plaintiffs' current disparate impact claim is sufficiently "like or related to" Plaintiffs' disparate treatment allegations raised in their EEOC Charges so as to permit a finding that Plaintiffs exhausted their administrative remedies with respect to their disparate impact claim.

The Court has found no Fifth Circuit cases dealing with the extent to which a disparate impact claim must be included in an EEOC Charge before a plaintiff has exhausted his administrative remedies.  Cases from other Circuits across the country are split on the issue, although it appears that more courts prohibit a disparate impact claim that was not raised in an EEOC Charge than permit it.  *See Brown v. Coach Stores, Inc.*, 163 F.3d 706, 712 (2d Cir. 1998) (permitting disparate impact claim); *Noreuil v. Peabody Coal Co.*, 96 F.3d 254, 258-59 (7th Cir. 1996) (prohibiting disparate impact claim); *Woodman v. WWOR-TV, Inc.*, 293 F. Supp. 2d 381, 390 (S.D.N.Y. 2003) (prohibiting disparate impact claim); *Donaldson v. Microsoft Corp.*, 205 F.R.D. 558, 571 (W.D. Wash. 2001) (prohibiting disparate impact claim).

The Court finds that the reasoning of the cases prohibiting disparate impact claims that were not raised in an EEOC Charge to be more persuasive.  As noted by several courts, claims of disparate impact are conceptually different from claims of disparate treatment.  *Noreuil*, 96 F.3d at 258; *Woodman*, 293 F. Supp. 2d at 390; *Butler v. Matsushita Communication Indus. Corp.*, 203 F.R.D. 575, 582 (N.D. Ga. 2001).  An EEOC investigation in this case would not have encompassed a disparate

impact claim because Plaintiffs' EEOC Charges reveal they were all terminated for individual-specific reasons and not pursuant to a neutral SSCE policy. (Def. App. pp. 1-3)  To permit a disparate impact claim to be raised at this point would be to circumvent the EEOC's investigatory and conciliatory role. *See Noreuil*, 96 F.3d at 258-59. Therefore, because Plaintiffs failed to exhaust their administrative remedies, the Court **GRANTS** SSCE's Motion for Partial Dismissal and **DISMISSES** Plaintiffs' claims for disparate impact discrimination.

**B.**     *Damages*

SSCE next moves to dismiss certain elements of Plaintiffs' damages request - specifically, Plaintiffs' claim for mental anguish damages, compensatory damages, and punitive damages. SSCE argues that such damages are not available under the ADEA. (Def. Br. pp. 6-7)

In 1977, the Fifth Circuit held that punitive damages and damages for mental anguish are not recoverable in a private action brought under the ADEA. *Dean v. Am. Sec. Ins. Co.*, 559 F.2d 1036, 1038-40 (5th Cir. 1977).  Recent case law from the Fifth Circuit confirms that the *Dean* decision remains unchanged. *Smith v. Berry Co.*, 165 F.3d 390, 396 (5th Cir. 1999) (holding that mental anguish and punitive damages are unavailable under the ADEA).  Thus, Plaintiffs in this case may not recover mental anguish or punitive damages.

The Supreme Court has also noted that the ADEA does not permit compensatory damages for pain and suffering or emotional distress. *Commissioner v. Schleier*, 515 U.S. 323, 326 (1995) (citing cases from eleven circuit courts holding the same).  Therefore, Plaintiffs' request for compensatory damages must also fail.  As such, the Court **GRANTS** SSCE's Motion for Partial Dismissal and **DISMISSES** Plaintiffs' claim for mental anguish damages, compensatory damages, and punitive damages.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS SSCE's Motion for Partial Dismissal and DISMISSES Plaintiffs' disparate impact discrimination claim and request for mental anguish damages, compensatory damages, and punitive damages.

SO ORDERED.

SIGNED February __23rd__, 2006

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

- 6 -